IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEARL SANCHEZ and
JEANNETTE FITZGERALD,

      Plaintiffs,

vs.                                                                                          Nos. 11-cv-1053 MCA/RHS
                                                                                      11-cv-1105 MCA/RHS

CROWE PARAIDIS HOLDING CO., LLC.,
d/b/a CROWE PARADIS, and d/b/a
THE ADVOCATOR GROUP,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the underlying state court action on or about October 24, 2011. On October 31, 2011, Plaintiffs served Defendant The Advocator Group, LLC ("Advocator"). On November 29, 2011 Advocator filed a notice of removal. The removed case was docketed in this Court as No. 11-cv-1053. On November 16, 2011, Plaintiff served Defendant Crowe Paradis Holding Co., LLC's ("Crowe") registered agent. On December 16, 2011, Crowe filed a notice of consent to Advocator's November 29, 2011 notice of removal. In addition, also on December 16, 2011, Crowe filed a second, separate notice of removal. The federal case initiated by this second notice of removal was docketed in this Court as No. 11-cv-1105. Each notice of removal asserted that the underlying state court action was removable because the underlying state court action falls within this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) or (d). On December 23, 2011, Plaintiffs filed a motion to remand in each case. No. 11-cv-1053 [Doc. 12]; No. 11-cv-1105 [Doc. 5] Defendants have filed responses in each case. Crowe's response in No.

11-cv-1105 [Doc. 18], adopts and incorporates Advocator's response filed in No. 11-cv-1053 [Doc. 13]. Following the close of briefing on Plaintiffs' motions to remand, the Court entered an order consolidating the two cases and designating No. 11-cv-1053 as the lead case. The principal, and dispositive, issue presented by Plaintiffs' motions to remand is whether Defendants have established the amount in controversy required by subsections (a) or (d) of § 1332.

28 U.S.C. § 1441(a) limits removal to cases "of which the district courts of the United States have original jurisdiction." As previously noted, Defendants' notices of removal relied exclusively on the Court's diversity jurisdiction to support removal. Subsection (a) of § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . . "; subsection (d) provides that "[t]he district courts shall have original jurisdiction of any civil [class] action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. . . ." "As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. . . . '[T]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.'" *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citations omitted). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v.*

*Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995);  *accord Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed. Appx. 775 (10th Cir. Sept. 8, 2005) (unpublished decision).

The Court of Appeals's restriction on the papers that a district court may consider in ruling on a motion to remand must be understood in the context of the well-established rule that a case does not become removable and the time for removing does not begin to run unless and until the removing party has "clear and unequivocal notice [of removability] from the pleading itself, or a subsequent 'other paper' such as an answer to an interrogatory." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).  Thus, for example, in *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072 (10th Cir. 1999), a case in which the state court complaint merely requested damages "in excess of $10,000," the period for filing a notice of removal did not begin to run until the plaintiff's deposition in the state court action, during which the plaintiff testified that he was seeking damages in excess of $300,000, which he testified he had calculated using a set of balance sheets and income statements.  The Court of Appeals' standard for determining when the right to remove accrues serves to insure that the removing party will have adequate factual grounds for asserting that the underlying case satisfies the amount in controversy.

The Court has  given careful consideration to the Court of Appeals' decision in *McPhail v. Deere & Company*, 529 F.3d 947 (10th 2008), a case on which Defendants rely heavily.  The Court concludes that *McPhail* has not altered the controlling law as set out in *Laughlin*.  First, the Court of Appeals' discussion of the use affidavits or other evidence created or obtained *after* a case is removed to federal court to establish the amount in controversy was dicta, as the Court

of Appeals in *McPhail* quite clearly determined the sufficiency of the defendant's showing of the amount in controversy solely from the notice of removal and the papers submitted with the notice of removal, exactly as contemplated by *Laughlin*.[1]  *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995) ("Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'") (quoting *Black's Law Dictionary* 454 (6th ed. 1990)). Second, it is well established that a three-judge panel cannot disregard or overrule existing circuit precedent absent *en banc* consideration or intervening contrary Supreme Court precedent. *United States v. Foster*, 104 F.3d 1228 (10th Cir. 1997).  Therefore, in determining the sufficiency of Advocator's showing of the amount in controversy, the Court will follow *Laughlin*, which remains the controlling authority and restricts the pertinent papers to the notice of removal, and any papers attached to or incorporated in the notice of removal, such as the underlying state court complaint. *Benefits Technologies v. Stanley*,  No. 10-CV-0561-CVE-FHM, 2010 WL 4736297 *5 (N.D. Okla. Nov. 16, 2010) (observing that "[t]he Tenth Circuit has consistently held that reference to

---

[1] *McPhail* does not discuss the rule that a case is not removable until the state court record gives the defendant "clear and unequivocal" notice that the case is removable. *Akin*, supra.  If the defendant removes *prior to* obtaining clear and unequivocal notice of removability, the removal is premature and the proper course under *Laughlin* would be to remand to state court without prejudice to the defendant's right to remove the case once the state court record gives the defendant clear and unequivocal notice of removability, *Public Employees Retirement Assoc. of N.M. v. Clearend Securities*, 798 F. Supp. 2d 1265 (D. N.M. 2011);  if the defendant removes the case *after* receiving clear and unequivocal notice of removability, then the paper or other evidence establishing removability presumably will enable the defendant to specifically allege the factual basis for original jurisdiction in its notice of removal. The theoretical difficulties in resisting a motion to remand that concerned the panel in *McPhail* seem to this Court  largely to be attributable to premature filing of a notice of removal.

factual allegations or evidence outside of the petition and notice of removal is not permitted to determine the amount in controversy, and the Tenth Circuit reaffirmed this rule in *McPhail*"); *Walker v. American Standard Ins. Co. of Wis.*, Civil No. 11-cv-00927-LTB, 2011 WL 3439404 *2 (D. Colo. Aug. 5, 2011) (observing that defendant must make jurisdictional showing "in allegations in the complaint or in the notice of removal") ( citing *Laughlin*).

    Consistent with New Mexico state court practice, NMRA 1-008(A)(3), the Complaint in the underlying state court action did not allege damages in a specific amount.  Due to the absence of a prayer for a specific amount of damages,  Advocator attempted to establish the amount in controversy from the allegations of the Complaint.  With respect to the amount in controversy under CAFA, Advocator's notice of removal estimates that the proposed class may have as many as 491 members, characterizes Plaintiffs as seeking "sweeping damages," emphasizes Plaintiffs' request for punitive damages,  asserts that "the cost of any injunction to Avocator could significantly impair Avocators'  business," and concludes that "aggregating the exposure from punitive damages in a class action, treble damages and attorneys  fees provided for by the Trade Practices Act together with the financial impact from the injunction sought by the Plaintiffs, Advocator's exposure for damages easily exceeds $5,000,000.00."   Crowe's notice of removal contains similar allegations. What is missing from the Defendants' respective notices of  removal is any meaningful economic analysis.  "Where the fact of the [complaint] does not affirmatively establish that the amount in controversy exceeds [the jurisdictional amount in controversy], the rationale of *Laughlin* contemplates that the removing party will undertake an economic analysis of the alleged damages supported by the underlying facts."  *Murray County,*

*Oklahoma v. Homesales. Inc.*, No. CIV-11-84-FS, 2011 WL 5237307 *2 (E.D. Okla. Oct. 31, 2011) (quoting *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003)) (internal quotation marks omitted).  Defendants' conclusory assertions that their exposure for damages "exceeds $5,000,000.00" falls far short of the requisite economic analysis. *Benefits Technologies*, 2010 WL 4736297 *4.   Not only did Defendants fail to provide an economic analysis, with one exception, they also failed to allege the underlying facts upon which such an analysis would be based.  Defendants did allege a maximum number of potential class members–491–although they did not provide any explanation of  how they arrived at this number.

The Court is not persuaded that the mere legal possibility that Plaintiff may recover punitive damages under one or more counts automatically means that Defendants satisfied CAFA's $5,000,000 amount in controversy requirement.  Punitive damages may be considered in determining the amount in controversy. *Burrell v. Burrell*, No. 00-2031, 2000 WL 1113702 *2 (10th Cir. Aug. 7, 2000) (unpublished opinion).  Plaintiffs have pleaded that Defendants acted with the requisite culpable mental state required to support an award of punitive damages [Doc. 1-1, ¶¶ 52, 57].  See NMRA 13-1827.   Under New Mexico law, review of a punitive damages award "is essentially a review for reasonableness."  *Chiavarria v. Fleetwood Retail Corp.*, 140 N.M. 478, 489 (2006).   In assessing the reasonableness of a punitive damages award, New Mexico courts employ three criteria derived from the United States Supreme Court's opinion in *BMW of North America, Inc. v. Gore*,  517 U.S. 559 (1996).  *Chiavarria*, 140 N.M. at 489.  Defendants'  notices of removal do not refer to these criteria, nor do they allege underlying facts

that would allow the Court to estimate a range of punitive damages that would be recoverable and sustainable under New Mexico law under the facts of this case.

Defendants' reliance on treble damages under the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-10(B), to satisfy CAFA's amount in controversy is undercut by subsection 57-12-10(E), which limits the application of the statutory and treble damages provision of subsection (B) to the named plaintiffs in a class action. Moreover, to the extent that Defendants relied on an attorney's fee award under the UPA to establish the amount in controversy, subsection 57-12-10(C), their respective notices of removal suffer from a complete failure to allege any underlying facts from which the Court could estimate Plaintiffs' fees.

As previously noted, Defendants alleged in their notice of removal that the cost of complying with the injunction requested by Plaintiffs' would contribute toward the amount in controversy. The Tenth Circuit follows the "either viewpoint rule," which allows a court in determining the amount in controversy to consider either the value to the plaintiff or the cost to the defendant of declaratory and injunctive relief. *Lovell v. State Farm Mut. Auro. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). In a class action brought under CAFA, the cost to the defendant means the aggregate cost of complying with the injunction as applied to the entire class. 28 U.S.C. § 1332(d)(6); *see Lovell*, 466 F.3d at 897 n.4. Here, however, Defendants' notices of removal are completely lacking in allegations of facts that would allow the Court to estimate the aggregate cost to Defendants of complying with the injunction requested by Plaintiffs.

With respect to the amount in controversy of § 1332(a), Defendants' notices of removal generally suffer from the same defects noted above with respect to CAFA's amount in

controversy–the failure to allege underlying facts that would allow the Court to estimate the various components of the amount in controversy, such as actual and punitive damages, attorney's fees, and the cost to Defendants of complying with an injunction.

The Court concludes that the proper course is to remand this case to state court due to Defendants' failure in  their notices of removal to allege facts demonstrating that the amount in controversy satisfies either subsection (a) or (d) of 28 U.S.C. § 1332.  It is the Court's intention that this remand be without prejudice to Defendants' right to file a second notice of removal, if and when they receive clear and unequivocal notice of removability.

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. 12] is granted, and that this action be remanded to the state court from which its was removed.

So Ordered this 31st day of May, 2012.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE